**Kramer and Associates**
Michael C. Kramer, ABA 9605031
Justin J. Andrews, ABA 1111094
542 4th Ave., Ste. 207
Fairbanks, Alaska 99701
Telephone: (907) 888-4098
Facsimile: (907) 374-3829

Attorneys for Gavora, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GAVORA, INC.<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF FAIRBANKS,<br><br>    Defendant. | Case No:<br><br><br><br>**CIVIL COMPLAINT**<br>(Seeking relief under 42 USC §§ 9601-9675)<br><br><br>JURY TRIAL DEMANDED |

Plaintiff, Gavora, Inc., complains and alleges of the Defendant, the City of Fairbanks, the following:

## NATURE OF ACTION

1. This is a civil action brought by Gavora, Inc. ("Gavora") pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675. Gavora, Inc. seeks contribution, restitution, indemnification, and cost recovery, as well as declaratory and/or injunctive relief, against the Defendant, the City of Fairbanks ("the City") for costs Gavora, Inc. has already incurred and will continue to incur as it remediates environmental contamination of the Shopper's Forum Mall and Annex ("the Shopper's Forum property") in Fairbanks.

2. Congress enacted CERCLA, 42 U.S.C. §§ 9601-9675, in 1980 to promote the cleanup of the environment by remediation of polluted sites. Three decades later, CERCLA

remains one of the most important and widely invoked pieces of environmental regulation in the United States because environmental remediation need not be forestalled by final allocation of liability; settlements are favored and cleanup often precedes allocation. CERCLA permits both governmental and private parties to seize the initiative to remediate a site; Congress has determined that those who first pay to clean up can later recover costs from other parties responsible for the contamination of a site that have failed to act.

## STATEMENT OF JURISDICTION AND VENUE

3. Gavora, Inc.'s claims against the City of Fairbanks arise out of environmental contamination at and around the Shopper's Forum Mall, located at 1255 Airport Way in Fairbanks, Alaska.

4. This action primarily arises under the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") at 42 U.S.C. §§ 9601-9675. This Court therefore has jurisdiction over the subject matter in this action, and the City, under 28 U.S.C. §§ 1331 and 1367(a), under CERCLA §§ 107 and 113, 42 U.S.C. §§ 9607 and 9613, and under Rule 57 of the Federal Rules of Civil Procedure.

5. Because the claims arose, and the releases of hazardous substances occurred, within the boundaries of the District of Alaska, venue is proper in this judicial district under CERCLA §§ 107(a) and 113(b), 42 U.S.C. §§ 9607(a), 9613(b); and under 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff, Gavora Inc., is a business corporation in good standing organized and incorporated under the laws of the State of Alaska with its principal place of business at 243 Illinois St., Ste 3B, Fairbanks Alaska 99701.

7. Defendant, the City of Fairbanks, is a Home Rule, First Class City, and Municipal Corporation organized under the laws of the State of Alaska.

8. The City of Fairbanks is a "Person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## STATUTORY FRAMEWORK

9. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

- the owner and operator of a ... facility,

- any Person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,

- any Person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such Person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and

- any Person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such Person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for—

  - any other necessary costs of response incurred by any other Person consistent with the national contingency plan...

10. Section 113(f) of CERCLA, 42 U.S.C. § 9613(f) provides in pertinent part:

- Any Person may seek contribution from any other Person who is liable or potentially liable under section 9607(a) of this title...

## DEFINITIONS

11. <u>Environment</u>: As used in this Complaint, the term "Environment" shall have the meaning set forth in CERCLA § 101(8)(B), 42 U.S.C. § 9601(8)(B):

- surface water, ground water, drinking water supply, land surface or subsurface strata, or ambient air within the United States or under the jurisdiction of the United States.

12. <u>Facility</u>: As used in this Complaint, the term "Facility" shall have the meaning set forth in CERCLA § 101(9), 42 U.S.C. § 9601(9):

- any building, structure, installation, equipment, pipe or pipeline (including any pipe into a sewer or publicly owned treatment works), well, pit, pond,

- lagoon, impoundment, ditch, landfill, storage container, motor vehicle, rolling stock, or aircraft, or

- any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located; but does not include any consumer product in consumer use or any vessel.

13. <u>Hazardous Substance</u>: as used in this Complaint, the term "Hazardous Substance" shall have the meaning set forth in CERCLA § 101(14)(B), 42 U.S.C. § 9601(14)(B) and CERCLA § 101(14)(C), 42 U.S.C. § 9601(14)(C), as listed by the Environmental Protection Agency ("EPA") at 40 C.F.R. § 302.4 pursuant to its authority under CERCLA § 102, 42 U.S.C. § 9602.

14. <u>Person</u>: As used in this Complaint, the term "Person" shall have the meaning set forth in CERCLA § 101(21), 42 U.S.C. § 9601(21):

- an individual, firm, corporation, association, partnership, consortium, joint venture, commercial entity, United States Government, State, municipality, commission, political subdivision of a State, or any interstate body.

15. <u>Release</u>: As used in this Complaint, the term "Release" shall have the meaning set forth in CERCLA § 101(22), 42 U.S.C. § 9601(22):

- any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment (including the abandonment or discarding of barrels, containers, and other closed receptacles containing any hazardous substance or pollutant or contaminant).

16. <u>Response Costs</u>: As used in this Complaint, the term "Response Costs" means the costs of "Removal" and "Remedial actions" of Hazardous Substances, as those terms are defined in CERCLA §§ 101(23) and (24); 42 U.S.C. §§ 9601(23) and (24), and all other costs to respond to Releases of Hazardous Substances, as defined in CERCLA § 101(25); 42 U.S.C. § 9601(25). Such costs include, but are not limited to, (1) the storage, confinement, and cleanup of Hazardous Substances; (2) the recycling or reuse, diversion, destruction, or segregation of reactive wastes, (3) the dredging, excavation, repair, or replacement of leaking containers, and (4) any other such action necessary to protect public health, welfare, and the Environment. The term "Response Costs" also means any costs and attorneys' fees incurred in enforcing either

removal or remedial actions under CERCLA's scheme for liability, compensation, and cost recovery set forth in CERCLA § 101(25); 42 U.S.C. § 9601(25).

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

17. Plaintiff, Gavora, Inc., is the current owner of land and commercial buildings located within the city limits of the City of Fairbanks, known collectively as the Shopper's Forum Mall and Annex. The Shopper's Forum property currently includes a large shopping mall, a smaller satellite building containing additional retail facilities, associated parking lots, and the surrounding real estate.

18. Defendant, the City of Fairbanks, acquired fee title to the Shopper's Forum property in February 1938. The City subsequently leased the Shopper's Forum property to various commercial entities, and the property has been utilized for various commercial purposes for at least the past half-century.

19. Prior to the construction of the present facilities, a business complex formerly occupied what is now the Shopper's Forum Mall. These businesses included several Laundromats, one of which was demolished circa 1966.

20. Gavora, Inc. acquired its initial interest in the Shopper's Forum property in 1977, when it purchased the company leasing the property from the City at the time. Gavora, Inc. continued its tenancy until May 2002, when it acquired and retained sole ownership of the Shopper's Forum property pursuant to its exercise of a purchase option obtained from the City in May of 1966 by Gavora, Inc.'s predecessor-in-interest.

21. In 2007, Gavora, Inc. was informed by the Alaska Department of Environmental Conservation (ADEC) that it had conducted tests of soil and groundwater around the Shopper's Forum property which revealed the presence of the chlorinated chemical compounds tetrachloroethylene (PCE) and trichloroethylene (TCE) in excess of ADEC's mandated soil and groundwater cleanup levels.

22. PCE is a colorless liquid widely used for dry cleaning fabrics and degreasing metals. The Department of Health and Human Services has determined that PCE may reasonably anticipated to be a carcinogen. TCE is also a solvent used to remove grease from metal parts; it

can be an ingredient in adhesives or paint removers, and is also a degradation product of PCE. Like PCE, TCE is believed to be a carcinogen.

23. PCE and TCE are both considered "Hazardous Substances" within the meaning of CERCLA § 101(14); 42 U.S.C. § 9601(14).

24. Gavora, Inc., has never used PCE or TCE, nor has it ever used or stored any other hazardous materials on the Shoppers Forum Property.

25. Most, if not all, of the environmental contamination occurred while the Shopper's Forum property was owned by the City. Despite this, Gavora, Inc., as the current owner of the property, has taken upon itself the responsibility of spearheading this remediation and complying with ADEC environmental rehabilitation requirements.

26. At the time of filing, Gavora, Inc. had already incurred expenses and costs associated with this remediation that exceed $100,000.

27. Gavora, Inc. has notified the City about these remediation efforts and has asked the City to assist in these efforts. To date, the City has refused to contribute any financial or other resources to offset these costs.

## FIRST CLAIM FOR RELIEF
### (Claim For Contribution Pursuant to CERCLA § 113(f))

28. Gavora, Inc. realleges and incorporates by reference the aforementioned allegations as though fully set forth herein.

29. The Shopper's Forum property and the surrounding areas are "Facilities" within the meaning of CERCLA § 101(9); 42 U.S.C. § 9601(9).

30. "Hazardous Substances," within the meaning of CERCLA § 101(14); 42 U.S.C. § 9601(14) were disposed of, placed, released, or otherwise became located on or within the Shopper's Forum property at times relevant to this action while the City owned the Shopper's Forum property.

31. The City is responsible for "Releases" within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22) into the Environment at or from the Shopper's Forum property at times relevant to this action.

32. Pursuant to the terms of 42 U.S.C. § 9613(f)(1), any Person may seek contribution from another Person who is liable or potentially liable under CERCLA § 107(a), 42 U.S.C. § 9607(a).

33. Gavora, Inc. is a "Person" for the purposes of 42 U.S.C. § 9613(f)(1) that has incurred and will continue to incur Response Costs for the remediation of the Shopper's Forum property. The Response Costs that Gavora, Inc. has incurred and will continue to incur are consistent with the applicable requirements of the National Contingency Plan (the "NCP") and are necessary to perform a CERCLA-quality cleanup conducted in substantial compliance with the applicable requirements of the NCP, CERCLA § 107(a)(4)(B) (42 U.S.C. § 9607(a)(4)(B)), and their implementing regulations, including 40 C.F.R. § 300.700(c)(3)(i).

34. The Response Costs that Gavora, Inc. has incurred and will continue to incur represent more than Gavora, Inc.'s allocable share of costs related to remediation and disposal of Hazardous Substances and other materials at the Shopper's Forum property.

35. A "Person" is liable under CERCLA § 107(a) if that Person owned or operated any Facility at which Hazardous Substances were disposed.

36. The City is a "Person" liable for owning and/or operating facilities at or from which Hazardous Substances were disposed under 42 U.S.C. § 9607(a)(2).

37. Because the City is liable as a responsible party under CERCLA § 107(a), the City is liable for its equitable share of Response Costs, including its equitable share of any overpayment of Response Costs incurred by Gavora, Inc., and Gavora, Inc. is entitled to contribution from the City for such Response Costs.

## SECOND CLAIM FOR RELIEF

### (Claim For Contribution Pursuant to Common Law)

38. Gavora, Inc. realleges and incorporates by reference the aforementioned allegations as though fully set forth herein.

39. The City is liable in tort for any harm to the Shopper's Forum property that occurred in connection with its ownership, management, or operations in or around the Shopper's Forum property.

40.  Gavora, Inc. has incurred and will continue to incur Response Costs associated with the removal of Hazardous Substances and other materials from, and the subsequent remediation of, the Shopper's Forum property for which the City is responsible.

41.  The City is responsible for its equitable share of the overall liability for the Response Costs described in the preceding paragraphs. Gavora, Inc. is therefore entitled to contribution and indemnification, in whole or in part, for such Response Costs based upon its rights at common law.

## THIRD CLAIM FOR RELIEF

### (Claim For Declaratory Judgment Under 28 U.S.C. § 2201)

42.  Gavora, Inc. realleges and incorporates by reference the aforementioned allegations as though fully set forth herein.

43.  A determination of the proportionate degree of liability, if any, for the Response Costs, between Gavora, Inc. and the City is necessary to protect the rights of Gavora, Inc..

44.  An actual controversy has arisen, as described herein, and now exists relating to the legal rights and duties of Gavora, Inc. and the City for which Gavora, Inc. desires a declaration of its rights and indemnification, in which Gavora, Inc. contends, and to which Gavora, Inc. is informed and believes that the City denies the following:

- That as between these parties, the responsibility, if any, for the damages claimed by Gavora, Inc. rests entirely on the City;
- That as a result, the City is obligated to partially or fully indemnify Gavora, Inc. for sums that Gavora, Inc. may be held to pay as a result of any damages, judgments, settlements, or other awards recovered against Gavora, Inc. by the federal or state governments or private parties resulting from the contamination of the Shopper's Forum property or other adjacent or nearby properties by Hazardous Materials; and that
- Gavora, Inc. is informed and believes that the City denies any such liability.

45.  Pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. § 2201, Gavora, Inc. is entitled to a judicial determination of its rights, to indemnification and contribution from the City, and to a judgment declaring that the City and/or other third parties, and not Gavora,

Inc., are liable under CERCLA § 113(f), 42 U.S.C. § 9613(f) for the Response Costs incurred or to be incurred as a result of investigating, removing, cleaning up, and otherwise remediating the alleged Hazardous Substance contamination in and around the Shopper's Forum property.

46. Pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. § 2201, Gavora, Inc. is further entitled to a declaratory judgment that the City shall be jointly and severally liable for all Response Costs which Gavora, Inc. has incurred, or may incur in the future, as a result of investigating, removing, cleaning up, and otherwise remediating the alleged Hazardous Substance contamination in and around the Shopper's Forum property.

## FOURTH CLAIM FOR RELIEF
### (Claim For Cost Recovery Pursuant to CERCLA § 107(a)(4)(B))

47. Gavora, Inc. realleges and incorporates by reference the aforementioned allegations as though fully set forth herein.

48. The Shopper's Forum property and the surrounding areas are "Facilities" within the meaning of CERCLA § 101(9); 42 U.S.C. § 9601(9).

49. "Hazardous Substances," within the meaning of CERCLA § 101(14); 42 U.S.C. § 9601(14) were disposed of, placed, released, or otherwise became located on or within the Shopper's Forum property at times relevant to this action while the City owned the Shopper's Forum property.

50. The City is responsible for "Releases" within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22) into the Environment at or from the Shopper's Forum property at times relevant to this action.

51. Gavora, Inc. has incurred Response Costs for the Shopper's Forum property consistent with the NCP pursuant to CERCLA § 107(a)(4)(B), 42 U.S.C. § 9607(a)(4)(B) and implementing regulations.

52. A "Person" is liable under CERCLA § 107(a) if that Person owned or operated any Facility at which Hazardous Substances were disposed.

53. The City is a "Person" who is liable for owning and/or operating facilities at or from which Hazardous Substances were disposed under 42 U.S.C. § 9607(a)(2), and is therefore is liable for Gavora, Inc.'s Response Costs.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Gavora, Inc. respectfully requests that this Court enter judgment in its favor and against Defendant, the City of Fairbanks, as follows:

1. For recovery and for contribution from the City of all Response Costs incurred by Gavora, Inc., and to be incurred by Gavora, Inc., in response to and remediation of the alleged release of Hazardous Substances in and around the Shopper's Forum property according to proof at trial;

2. For damages against the City, jointly and severally, in an amount equal to all Response Costs and all other costs incurred in investigating, removing, cleaning up, and otherwise remediating the alleged Hazardous Substance contamination in the amount according to proof at trial;

3. For compensatory damages according to proof, including;

4. For incidental and consequential damages according to proof;

5. For a declaratory judgment that the City and/or others, and not Gavora, Inc., are liable under CERCLA § 113(f), 42 U.S.C. § 9613(f) for the Response Costs incurred or to be incurred as a result of investigating, removing, cleaning up, and otherwise remediating the alleged Hazardous Substance contamination in and around the Shopper's Forum property;

6. For prejudgment interest at the legal rate;

7. For attorneys' fees and costs;

8. For any other fees and costs; and

9. For all other equitable or legal relief this Court deems fair.

## DEMAND FOR JURY TRIAL

Pursuant to the terms of Rule 38 of the Federal Rules of Civil Procedure, Gavora, Inc. demands a trial by jury on all issues so triable.

Respectfully submitted and dated this 6th day of November, 2013, at Fairbanks, Alaska.

**Kramer and Associates**
Attorneys for Gavora, Inc.

Justin J. Andrews, ABA 1111904
Michael Kramer, ABA 9605031

### Certificate of Service

I hereby certify that on the 6th day of November, 2013
a true and correct copy of the foregoing document was
provided to the following attorneys, parties of record,
and those agencies requiring notice of the filing of a civil
CERCLA Complaint pursuant to 42 U.S.C. § 9613(l):

☐ Mail  ☐ Hand Delivery  ☐ Courier  ☐ Telefax

Paul Ewers, City Attorney
City of Fairbanks
800 Cushman St.
Fairbanks, AK 99701-4615
Fax: (907) 459-6761

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530-0001

Administrator, Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460


By: _____
Kramer and Associates